IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and TRANSPORTATION INSURANCE COMPANY** :<br>      *Plaintiffs* :<br> :<br>           **v.** :<br> :<br>**BURNS & SCALO ROOFING COMPANY** :<br>      *Defendant* : | **CIVIL ACTION**<br><br>**NO. 15-6028** |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                        JANUARY 26, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiffs National Fire Insurance Company of Hartford and Transportation Insurance Company ("Plaintiffs") filed this civil action under the Declaratory Judgment Act,[1] seeking a determination regarding insurance coverage, and related rights and duties, if any, for the defense and/or indemnification owed to Defendant Burns & Scalo Roofing Company ("Defendant" or "Burns & Scalo") in an underlying state court action.[2]  [ECF1].

Presently before this Court is Plaintiffs' *motion for summary judgment* filed pursuant to Federal Rule of Civil Procedure ("Rule") 56, requesting judgment in their favor and a declaration that Plaintiffs do not owe a further duty to defend and/or indemnify Defendant in the above-referenced state court action.  [ECF 33].  Defendant filed a response in opposition, [ECF 35], and

---

[1]      28 U.S.C. §§ 2201-2202.

[2]      The underlying action captioned *Bremer et al. v. Burns and Scalo Roofing, Inc. et al.*, Court of Common Pleas of Philadelphia County, October Term, 2014, No. 1409-04424, ("the State Court Action"), was filed on October 1, 2014, by Carl and Lori Bremer against Defendant.

Plaintiffs filed a reply. [ECF 42]. The issues raised in the motion for summary judgment have been fully briefed by the parties and are now ripe for disposition. For the reasons stated herein, Plaintiffs' motion for summary judgment is granted.

**BACKGROUND**[3]

Briefly, in the underlying state court action filed by Carl and Lori Bremer (collectively "the Bremers") against Burns & Scalo, (the same Defendant in this federal case), Carl Bremer ("Dr. Bremer") contends that during the summer months of the years 1973 through 1976, he was employed by Defendant, was exposed to asbestos dust and fibers during his employment and, as a result of this exposure, developed malignant mesothelioma. (*See* State Court Compl., attached as Ex. 1, Pltfs. Mot. for Summ. J., at ¶¶ 4-5, 8). In said complaint, his wife, Lori Bremer, pled a claim for loss of consortium.[4] (*See id.* at ¶¶ 3, 8). The state court complaint incorporated, by reference, allegations and causes of action asserted in a master long form complaint filed as *In re Asbestos Litigation in Philadelphia Court of Common Pleas,* No. 8610-0001 ("the Master Long Form Complaint"), including, *inter alia,* an allegation in Count VII that the Dr. Bremers' injuries resulted from Defendant's intentional tortious conduct as Bremer's employer. (*Id.* at ¶ 9). The nine-paragraph state court complaint contains very little by way of factual allegations. However, it explicitly alleges that Dr. Bremer was employed by Defendant, and that his exposure to asbestos dust and fiber during the course of his employment with Defendant was the proximate cause of his injuries. (*Id.* ¶¶ 4-5).

---

[3] Because an insurer's duty to defend an action against its insured is generally determined on the basis of the allegations contained in the complaint against the insured, the facts set forth in this section are primarily drawn from the state court complaint filed against Burns & Scalo. *See State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 108 n.3 (3d Cir. 2009) (citing *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290-92 (Pa. 2007)).

[4] When Carl Bremer died on November 4, 2014, (*see* Def. Res. to Pl. Mot. for J. on Pl. at 3), the Administrator of his Estate was substituted as a named party. (*Id.*).

In the state court matter, Defendant sought a defense and indemnification from Plaintiffs consistent with the provisions of the general liability insurance occurrence policies issued to Defendant between the years 1988 and 1992 ("the Policies"). (*See* Pltfs. Mot. for Summ. J., Ex. 9-12). The Policies, which contained identical provisions, essentially provide for a defense and indemnification in any lawsuit seeking damages for "bodily injury" that occurs during the policy coverage period. (*See, e.g.,* Pltfs. Mot. for Summ. J, Ex. 9 at Section I, ¶ 1.a.). The Policies defined the term "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*See id.* at Section V, ¶ 3). The Policies contained a liability exclusion provision, ("the Exclusion"), which reads as follow:

> This insurance does not apply to:
>
> e. "Bodily injury" to:
>
> > (1) An employee of the insured arising out of and in the course of employment by the insured; or
> >
> > (2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
>
> This exclusion applies:
>
> > (1) Whether the insured may be liable as an employer or in any other capacity; and
> >
> > (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(*Id.* at Section 1, ¶ 2.e.). The term "employee" is not defined anywhere within the Policies.

After being served with the state court complaint, Defendant provided Plaintiffs with the notice of the underlying state court action. On August 26, 2015, Plaintiffs denied insurance coverage. Defendant sought reconsideration and, on November 6, 2015, Plaintiffs informed Defendant that, although they believed they were under no obligation to defend and/or indemnify

3

Defendant in the underlying state court action, they would provide a defense under a reservation of rights.  Thereafter, Plaintiffs filed the instant declaratory judgment action.

In the interim, on September 12, 2016, a jury trial in the state court action commenced.  The Bremers, as the plaintiffs therein, presented evidence of Dr. Bremer's summer employment with Defendant between 1973 and 1976, of his exposure to asbestos during that employment period, and his subsequent diagnosis of malignant mesothelioma.  To challenge this testimony, Defendant offered the testimony of Harry Trybus and Randy Trybus, the owners of Trybus Roofing.  Mr. Harry Trybus essentially testified that Dr. Bremer worked directly for Trybus Roofing as a laborer during the summers of 1975 and 1976.  While the jury was deliberating but before a verdict was rendered, Defendant and the Bremers reached a confidential settlement for an amount within the Policies' limits.

**LEGAL STANDARD**

Rule 56 governs the summary judgment motion practice.  Specifically, this rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the burden of proving the absence of a genuine issues of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Under Rule 56, the court must view the

evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).[5]

Here, although Plaintiffs' motion is one for summary judgment, it relies upon a legal interpretation of the insurance policies in question rather than on an analysis of facts and/or evidence. As detailed below, whether an insurer owes a duty to defend an insured, in a litigation brought against the insured, is an issue generally determined by considering the allegations in the complaint against the insured and the language of the insurance policy at issue. *See Mehlman*, 589 F.3d at 110 (citing *Donegal*, 938 A.2d at 290)).

**DISCUSSION**

Under Pennsylvania law,[6] an insurer's duty to defend is broader than its duty to indemnify. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005). However, "there is no duty to indemnify if there is no duty to defend." *Id*. To determine whether Plaintiffs owe a

---

[5] Generally, Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322. After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*.

[6] In their respective briefs, both parties rely upon and, therefore, appear to agree that Pennsylvania law applies to this action. Because the homeowner insurance policy at issue was issued to a Pennsylvania corporation, this Court agrees that Pennsylvania law applies. *See Cat Internet Servs., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003) (holding that "Pennsylvania conflict of laws principles dictate that an insurance contract is guided by the law of the state in which it is delivered.").

5

duty to defend and/or indemnify Burns & Scalo, the allegations in the state court complaint and the language of the insurance policies issued to Burns & Scalo, must be examined. As stated:

> an insurer's duty to defend an action against the insured is measured, in the first instance, by the allegations in the plaintiff's pleadings . . . . In determining the duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay [the] resulting judgment . . . . [T]he language of the policy and the allegations of the complaint must be construed together to determine the insurers' obligation.

*Donegal*, 938 A.2d at 290 (quoting *Gene's Rest. Inc. v. Nationwide Ins. Co.,* 548 A.2d 246, 247 (Pa. 1988)); *see also Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (2006) (noting that it is well-settled Pennsylvania law that "[a] carrier's duty to defend and indemnify an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage."). If the underlying complaint alleges an injury "which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover." *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. Ct. 1986). However, "[t]o prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief." *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). "[T]he particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered." *Id.* Instead "it is necessary to look at the factual allegations contained in the complaint." *Id.*; *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 605 (Pa. Super. Ct. 1997) ("[I]n focusing attention upon the *cause of action* pled, [claimants] run afoul of our case law, which dictates that the *factual averments* contained in a complaint determine whether an insurer must defend.")

(emphasis in original).  The duty to defend is properly denied where the allegations fall within a clear and unambiguous exclusion of coverage.  *Harrison v. Aetna Life & Cas.*, 473 A.2d 636, 636 (Pa. Super. Ct. 1984).  The burden rests upon the insurer to demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions.  *Erie Ins. Exch. v. Transamerica Ins. Co.,* 533 A.2d 1363, 1366 (Pa. 1987) (citing *Miller v. Boston Ins. Co.*, 218 A.2d 275, 277 (Pa. 1966)).

Here, Plaintiffs move for summary judgment on the premise that they have no duty to defend Defendant in the underlying state court matter because the facts and injuries therein alleged unambiguously fall within the exclusionary provision of the Policies.  Defendant does not dispute Plaintiffs' characterization of the factual allegations in the state court complaint.  Rather, Defendant argues that Plaintiffs have not foreclosed the possibility that the allegations in the state court complaint fall outside the Exclusion.  Defendant's argument is misguided.

In determining if a duty to defend exists, the court is charged with deciding whether the underlying complaint creates any possibility of coverage.  Here, in the underlying state court complaint, Dr. Bremer alleges that he was employed by Defendant as a roofer during the summer months of 1973 to 1976.  (*See* State Court Compl. at ¶ 4(a)).  The Bremers' complaint incorporated, by reference, Count VII of the Master Long Form Complaint which, *inter alia,* alleged that the claim was against "Defendant-Employer Burns and Scalo, for whom Plaintiff was *last employed* between 1973 and 1976 . . . ." (*Id.* at ¶ 9) (emphasis added).  Count VII of the Master Long Form Complaint further alleged that Defendant Burns and Scalo is liable as a "defendant employer" for, *inter alia*:

    a)    failing to advise plaintiffs of the presence of asbestos . . . which they were working with *in connection with their employment*;

    b)    failing to provide plaintiffs with appropriate protective equipment and applicances [sic] necessary in order to protect them from … becoming

7

        injured or disabled by way of exposure to asbestos and asbestos related products;

c)      failing to provide plaintiffs with a *safe place to work*;

d)      failing to provide proper *instruction and supervision* to plaintiffs in the performance of their duties in handling asbestos or asbestos products;

e)      failing to provide plaintiffs with necessary and proper safety equipment to use while performing their work duties in and around asbestos and asbestos products;

f)      failing to take adequate precautions to prevent plaintiffs from suffering injuries as a result of *their employment*;

g)      being otherwise negligent, reckless, and careless in failing to protect the health, safety and welfare of their *employees*;

h)      failing to advise plaintiffs of the results of their x-rays, examinations and pulmonary function tests which were taken by or on behalf of *defendant employer* during the *course of their employment* and/or failing to advise plaintiffs to cease further asbestos exposure; and

i)      failing to advise plaintiffs after plaintiffs' exposure to asbestos ceased, about the dangers of exposure to asbestos, about the dangers of past or present asbestos exposure in combination with smoking or exposure to other fumes and dust, and about the need for future medical surveillance.

(*See* Pltf. Mot for Summ. J., Ex. 4 at 100-101) (emphasis added). The factual allegations of the underlying state court complaint clearly and unmistakably indicate that the Bremers' causes of action arose out of the exposure to asbestos during the course of Dr. Bremer's employment with Defendant. The Bremers successfully litigated their state court action based upon these facts.

      Therefore, based upon this Court's review of the allegation of the state court complaint and the exclusionary provision of the Polices, it is patently clear that the allegations in the underlying state court complaint fall within the Exclusion provisions and, therefore, outside the scope of any insurance coverage. The state court complaint has the hallmarks of an action asserted by an employee against his employer for an occupational disease as described in *Tooey*

*v. AK Steel Corp.*, 81 A.3d 851, 856 (Pa. 2013).[7] In fact, the state court complaint expressly alleges damages "pursuant to *Tooey*." (State Court Compl. at ¶ 9). The factual averments pled give no indication, as Defendant so advances, that Dr. Bremer was exposed to asbestos while working for another employer, or that he was anything other than Defendant's employee. Nothing in the state court complaint supports an interpretation of the facts other than the one advanced by Plaintiffs.

Notwithstanding, Defendant contends that these general allegations do not necessarily foreclose the theoretical possibility that Dr. Bremer was not Burns & Scalo's employee during the entire period of his exposure to asbestos. Defendant urges this Court to consider a wide array of extrinsic evidence, including the testimony of the Trybuses in the underlying action, to conclude that Dr. Bremer was an independent contractor or subcontractor. However, Pennsylvania law is clear that Plaintiffs' duty to defend a suit must be determined solely by the four corners of the underlying complaint. *See Kvaerner*, 908 A.2d at 896 (holding that the Superior Court erred in looking beyond the allegations raised in the underlying complaint and finding "no reason to expand upon the well-reasoned and long-standing rule that an insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint"); *Aetna Cas. & Sur. Co. v. Roe*, 650 A.2d 94, 99 (Pa. Super. Ct. 1994) ("The insurer is obligated to defend if the factual allegations of the complaint on its face comprehend an injury which is actually or *potentially* within the scope of the policy"); *see also State Auto. Mut. Ins. Co. v. Christie*, 802 A.2d 625, 626-29 (Pa. Super. Ct. 2002) (interpreting identical exclusion and ruling that laborer injured while cleaning a cement machine fell within limits of the exclusion). Though

---

[7] In *Tooey*, the Pennsylvania Supreme Court held that employees could pursue common law causes of action against their employers for injuries relating to occupational disease manifesting more than 300 weeks after the last occupational exposure. 81 A.3d at 865.

Defendant's speculative factual arguments may have aided it in the defense of the underlying action, they are not relevant to the inquiry here.  *See State Farm Fire and Cas. Co. v. Kim's Asia Constr.*, 2016 WL 5848851, at *4 (E.D. Pa. Oct. 5, 2016) (rejecting an insured's hypotheses that the underlying claim fell within coverage because the underlying complaint alleged only facts falling outside coverage).  The factual allegations in the state court complaint unequivocally indicate that the underlying injuries arose out of and in the course of Dr. Bremer's employment by Defendant.  The state court complaint did not allege any facts that could potentially fall within the scope of coverage.  Consequently, because the claims alleged in the state court complaint fall within the Exclusion provisions, Plaintiffs have no duty to defend or to indemnify Defendant in the underlying action.

**CONCLUSION**

For the reasons stated herein, Plaintiffs' motion for summary judgment is granted. Plaintiffs have no further duty to defend and/or indemnify Defendant in the underlying law suit identified as *Bremer, et al. v. Burns and Scalo Roofing, Inc.*, Civil Action No. 149004424, Court of Common Pleas of Philadelphia County, Pennsylvania.

An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.